■ In the Matter of the Estate of SAM GREENBERG, Deceased.— Motion granted to the extent that the executors are authorized and directed to withhold from distribution to the residuary legatees a sum equal to $10,000 in the event that this court determines the estate is chargeable with costs and disbursements on this appeal. · The amount to be withheld from distribution to each residuary legatee shall be in the same proportion as his interest in the residue of the estate bears to the whole of the residue of the estate. In all other respects the motion is denied. Concur — Breitel, J. P., Rabin, Valente, Stevens and Staley, JJ.

■ In the Matter of WILFRED V. REAPE, an Attorney.— Motion for reinstatement to the Bar granted. Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ.

## SECOND DEPARTMENT, JANUARY, 1965

### (January 11, 1965)

■ JOSEPH M. CHIMENTI, Respondent, v. HERTZ CORPORATION et al., Appellants.— In a negligence action to recover damages for personal injury, the defendants appeal from a judgment of the Supreme Court, Queens County, entered December 10, 1963 after trial, upon a jury's verdict of $25,000 in favor of the plaintiff. Judgment reversed on the law and the facts, and a new trial granted, with costs to abide the event. We find that the gravamen of the complaint, as particularized by the bill of particulars, was common-law negligence and not a violation of section 167 of the Labor Law. In view of the pleadings and the proof, the injection of that statute into the case by plaintiff, after he had rested, constituted surprise to the defendants. Under the circumstances, the denial of defendants' application to reopen their case for the purpose of presenting evidence as to the nonapplicability of said statute (Labor Law, § 167) constituted an improvident exercise of discretion. In our opinion a new trial is required in the interests of justice. Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.